Robert Lee ROBINS, Jr.,
Plaintiff–Appellant,

v.

CENTINELA STATE PRISON, Correctional Officers; Alashanti Ford, Correctional Officer, a.k.a. A. Ford; Cleberg, Corrections Officer; Marroquin Rosas, a.k.a. Rosa, Correctional Officer; Parra, Correctional Officer; L. Rodriguez, Correctional Officer Sergeant; Alreba, Correctional Officer Sergeant; Harding, Lt., Correctional Officer Lieutenant; Brown, Lieutenant, Correctional Officer Lieutenant Defendants–Appellees.

No. 00–55227.

D.C. No. CV–97–01056–RMB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2001.

Decided Sept. 19, 2001.

**550**

Before HALL and TROTT, Circuit Judges, and WINMILL, District Judge.[1]

## MEMORANDUM [2]

Robert Lee Robins appeals the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action. Robins asserts four causes of action arising from events that took place on November 17, 1996 while he was incarcerated at Centinela State Prison. We review a district court's grant of summary judgment de novo. *See Leslie v. Grupo ICA,* 198 F.3d 1152, 1157 (9th Cir.1999). If, after viewing the evidence in the light most favorable to the opposing party, this Court determines that a genuine issue of material fact exists, the order granting summary judgment must be reversed. *See id.* We conclude that genuine issues of material fact exist in this case.

Robins contends that a corrections officer violated his Fourth Amendment rights by inappropriately groping him while conducting a clothed body search. The district court rejected Robins' account of the search, explaining that "Plaintiff cannot rely solely on the allegations in his pleadings but must, by affidavit or otherwise, set forth specific facts showing that there is a genuine issue for trial." However, one party's assertions can be enough to defeat a summary judgment motion. A party's own deposition testimony and a sworn declaration are enough; no additional evidence is required. *See id.* at 1159; *Foster v. Arcata Assoc.,* 772 F.2d 1453, 1461 (9th Cir.1985). Here, Robins offered testimony regarding the improper nature of Cleberg's search. Once Robins' version of the search is accepted as true, he has a legitimate claim that the search was unreasonable and violated his Fourth Amendment rights.

It is true that this court has held that searches of male prisoners conducted by female correctional officers do not violate the Fourth Amendment. *See Grummett v. Rushen,* 779 F.2d 491, 496 (9th Cir.1985). In *Grummett,* this court concluded that pat down searches of inmates that included the groin area were not so offensive as to

---

1. The Honorable B. Lynn Winmill, Chief Judge for Idaho District Court, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

be unreasonable under the Fourth Amendment. But we were careful to emphasize that the searches "are performed by the female guards in a professional manner and with respect for the inmates." *Id.* If we accept Robins' version of the facts, the search was completely unprofessional and offensive, and, therefore, not analogous to the search upheld in *Grummett.* We reverse the district court's grant of summary judgment on Robins' Fourth Amendment claim.

Robins contends that the search violated the Eighth Amendment as well. Aside from acts of incarceration, a valid Eighth Amendment claim requires evidence of some infliction of "pain." *See Jordan v. Gardner,* 986 F.2d 1521, 1525 (9th Cir.1993). Our review of the evidence submitted by Robins does not show that Cleberg's search caused him "pain." He does not talk of any physical injury or psychological torment as a result of Cleberg's search. As a result, we affirm the district court's dismissal of Robins' Eighth Amendment claim relating to the clothed body search.

With regard to Robins' Eighth Amendment excessive force claim that corrections officers Rodriguez, Parra, and Rosas slammed him against a wall, Robins' declaration again raises questions of material fact. Robins states that he did not resist the corrections officers and that the officers repeatedly slammed him against the wall while he was still handcuffed. Accepting Robins' story as true, the force used by the three officers was not "applied in a good-faith effort to maintain or restore discipline" but rather to "maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Accordingly, the district court erred by granting summary judgment on this claim.

We also hold that the district court erred in dismissing Robins' Eighth Amendment failure to protect claim. Robins contends that Officer Arebalo violated the Eighth Amendment by failing to protect him from the beating he received from Rodriguez, Parra, and Rosas. "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." *Robins v. Meecham,* 60 F.3d 1436, 1442 (9th Cir.1995). Robins testified that he not only looked at Arebalo, but he told her that he was in pain. Arebalo says that she never heard Robins say this, but taking the facts in the light most favorable to Robins, Arebalo was on notice that Robins was facing serious injury. Robins also says that Arebalo watched the entire attack on him in the Program Office. It is true that a mere suspicion that harm will occur is insufficient to show that a prison official acted with "deliberate indifference" in violation of the Eighth Amendment. *Berg v. Kincheloe,* 794 F.2d 457, 459 (9th Cir.1986). But, if Robins' account is accepted, Arebalo saw him being dragged away by the three guards, heard him say that he was in pain, and then saw part of the beating inflicted by the guards. Accepting these facts as true, Arebalo must have known that Robins was facing the threat of serious harm or injury.

We reverse the district court's summary judgment on Robins' Fourth Amendment claim, his Eighth Amendment excessive force claim, and his Eighth Amendment failure to protect claim. We affirm the district court as to Robins' Eighth Amendment clothed body search claim.

Each party shall bear its own costs.

AFFIRMED in part, and REVERSED and REMANDED in part.